[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Autocraft Corporation, a Connecticut automotive repair shop, filed a substituted complaint on November 15, 2001, alleging in a single count that the defendant, Patrons Mutual Insurance Co., has refused to pay the plaintiff the fair market value for services performed on an automobile owned by Norman Stone, the defendant's insured. The plaintiff claims that, having received an assignment from the insured under General Statutes § 52-118,[1] it has a right to stand in the shoes of the defendant's insured to bring a claim for breach of contract of its automobile insurance policy with Stone.
In this substituted complaint, the plaintiff alleges that, on or about February 7, 2001, it performed services for Stone. The plaintiff submitted an invoice in the amount of $11,114.35 to the defendant for processing. The plaintiff alleges that the defendant both acknowledged the validity of the assignment and paid the plaintiff a sum of $7,959.37 on the claim. The plaintiff alleges that there is still a deficiency of $2,654.98 on this claim.
In its prayer for relief, the plaintiff seeks the following five items: (1) an order of judgment for the plaintiff in the amount of $2,654.98; (2) interest at fifteen percent per annum in accordance with General Statutes § 38a-816 (15) (A); (3) attorney's fees pursuant to General Statutes § 52-251a; (4) costs and disbursements; and (5) any other just relief.
On February 14, 2002, the defendant filed a motion to strike item number two of the plaintiffs prayer for relief; interest at fifteen percent per annum, on the ground that the plaintiff has failed to allege any legal or factual allegations in its complaint to avail itself of this remedy under the Connecticut Unfair Insurance Practice Act (CUIPA). As required by Practice Book § 10-42, the defendant has filed a memorandum in support of its motion to strike, and the plaintiff has timely filed a memorandum in opposition. CT Page 15910
A motion to strike can be used to challenge "the legal sufficiency of any prayer for relief in any . . . complaint. . . ." Practice Book §10-39(a) (2). However, a court may only strike a prayer for relief "if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998).
In its memorandum in support of the motion to strike, the defendant claims that the plaintiff has not alleged a violation of CUIPA, that the plaintiff has not alleged that the defendant engaged in wrongful conduct with such frequency as to indicate a general business practice and that the plaintiff has not alleged that the insurance commissioner has not determined that a legitimate dispute exists. In its memorandum in opposition to the motion to strike, the plaintiff argues that it has alleged a violation of CUIPA, that § 38a-816 (15) does not require that the plaintiff allege that the defendant engaged in an unfair insurance practice that rose to the level of a general business practice and that there is a private cause of action for the enforcement of the provisions of § 38a-316 (15) (A), which can be brought without the involvement of the insurance commissioner.
Unfair and deceptive acts or practices in the business of insurance include the "[f]ailure to pay accident . . . claims . . . within the time periods set forth in subparagraph (B) of this subdivision, unless the Insurance Commissioner determines that a legitimate dispute exists as to coverage, liability or damages or that the claimant has fraudulently caused or contributed to the loss." General Statutes § 38a-816 (15). The time period set forth in subparagraph (B) of § 38a-816 (15) is "not later than forty-five days after receipt by the insurer of the claimant's proof of loss form. . . ." Under Connecticut's fact pleading system, a plaintiff "need only allege the facts as necessary to bring himself under the terms of the statute." (Internal quotation marks omitted.) Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991). Thus, a plaintiff may sufficiently allege a violation of CUIPA by pleading facts which, if true, would establish that there is an accident claim, that the proper proof of loss forms have been filed and that there has been a failure to pay on this claim on the part of the insurance company that has exceeded the forty-five day statutory limit. See §38a-816 (15).
In its substituted complaint, the plaintiff has pleaded sufficient facts to support a violation of the provisions of § 38a-816 (15) (A) of CUIPA. The plaintiff has alleged that it performed accident-related repairs on a vehicle that was owned by an insured of the defendant. The plaintiff has alleged that the rights to the proceeds from the insurance CT Page 15911 claim were assigned to the plaintiff by the owner of the damaged vehicle. The plaintiff also has alleged that the defendant "acknowledging the validity of the assignment. paid [the plaintiff] directly on the claim." (Substituted Complaint, ¶ 3.) Since the defendant acknowledged the validity of the claim and made a payment on it, it is a reasonable inference that the proper proof of loss form was filed with the insurance company. The plaintiff also has alleged that, while the defendant made a partial payment of $7,959.37 on the claim, the defendant has failed to pay $2,654.98 of the $11,114.35 invoice that was submitted. The plaintiff has further alleged that this invoice was submitted "on or about February 7, 2001" and that, as of November 12, 2001 (some 200 days later), the defendant had still failed to pay the plaintiff this amount. The plaintiff, in its prayer for relief; requests that, pursuant to General Statutes § 38a-816 (15) (A) of CUIPA, the defendant be held liable to the plaintiff for the remaining balance on the claim plus interest at fifteen percent.
In summary, the plaintiff has alleged that the defendant has failed to pay the plaintiff on an accident claim within the statutory forty-five day period. Since an insurer's failure to pay on an accident claim within this forty-five day time frame constitutes a violation of General Statutes § 38a-816 (15) (A) of CUIPA,[2] the plaintiff has alleged a violation of CUIPA. Therefore, the motion to strike is denied because the plaintiff has alleged a violation of CUIPA.
The defendant further argues that the motion to strike should be granted because the plaintiff has failed to assert that the defendant engaged in wrongful conduct with such frequency as to indicate a general business practice. In support of this argument, the defendant cites Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 669, 672, 613 A.2d 838
(1992), which held that a "general business practice" must be alleged to enforce any provision of CUIPA. Yet, in the Quimby case, the court focused its analysis exclusively on § 38a-816 (6).[3] Id., 669, 671. The issue before the court in the present case, however, involves whether the plaintiff has sufficiently alleged a violation of § 38a-816
(15). Two years after the Appellate Court decided Quimby, the Supreme Court distinguished subsection (6) from the other subsections of §38a-816 in stating "that of the sixteen categories of unfair insurance practices proscribed by General Statutes § 38a-816, only subsection (6) expressly requires proof that the unfair claim settlement practices enumerated therein were committed or performed with such frequency as to indicate a general business practice." (Internal quotation marks omitted.) Lees v. Middlesex Ins. Co., 229 Conn. 842, 848 n. 5,643 A.2d 1282 (1994). Since the plaintiff need not allege an unfair general business practice to establish a violation of § 38a-316
CT Page 15912 (15), the defendant's motion to strike as to this claim is denied.
Finally, the defendant argues that the motion to strike should be granted because the plaintiff has failed to allege that the insurance commissioner has not determined that a legitimate dispute exists between the parties. In support of this argument. the defendant cites Vesco v. Utica Mutual Ins. Co., Superior Court, judicial district of Tolland at Rockville, Docket No CV 01 0075294, (July 18, 2001, Sferrazza, J.), in which the court held that an allegation that the Insurance Commissioner has not determined that a legitimate dispute exists between the insurer and the claimant is an essential allegation under § 38a-816 (15).
Section 38a-816 (15) requires that an insurer pay claims within forty-five days of receipt by the insurer of the claimant's proof of loss form "unless the Insurance Commissioner determines that a legitimate dispute exists as to coverage, liability or damages or that the claimant has fraudulently caused or contributed to the loss." General Statutes § 38a-816 (15) (A). Although the court in Vesco concluded that an allegation that the Insurance Commissioner has not determined that a legitimate dispute exists is an essential allegation to a claim under § 83-816 (15), research revealed no other case law imposing such a requirement. This court concludes that a determination by the Insurance Commissioner is an exception under the statute. Therefore a claimant is not required to plead as an essential allegation of a claim under §38a-816 (15) (A) that the Insurance Commissioner has not determined that a legitimate dispute exists between the claimant and the insurer. Accordingly, the defendant's motion to strike on this ground is denied.
The plaintiff has alleged sufficient facts that, if proven would constitute a violation of § 38a-816 (15) (A) of CUIPA. Furthermore, a general business practice is not required to establish a violation under subsection (15). Finally, the fact that there is no allegation that the insurance commissioner has not found that a legitimate dispute exists is not fatal to the claim that § 38a-816 (15) (A) has been violated. For the foregoing reasons the motion to strike item number two of the plaintiffs prayer for relief is denied.
 ___________________ Howard F. Zoarski Judge Trial Referee